UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE DAVID JONES, #211366,

        Petitioner,

v.
                          CIVIL CASE NO. 05-CV-73905-DT
                          HONORABLE MARIANNE O. BATTANI

KURT JONES,

        Respondent.
                                /

**OPINION AND ORDER OF SUMMARY DISMISSAL**

I.     Introduction

     This is a habeas case under 28 U.S.C. § 2254. Willie Jones ("Petitioner") is a state prisoner currently confined at the Boyer Road Correctional Facility in Carson City, Michigan. Petitioner pleaded *no lo contendere* to fourth-degree criminal sexual conduct and was sentenced to eight months to two year imprisonment in the Wayne County Circuit Court in 2003. In his pleadings, Petitioner raises claims concerning the effectiveness of defense counsel, the denial of discovery, the voluntariness of his plea, and actual innocence. For the reasons set forth below, the Court dismisses without prejudice the petition for writ of habeas corpus.

II.    Analysis

     A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O"Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v.*

*Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to the state courts. Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of state court remedies. Petitioner admits that he did not list his actual innocence claim as a distinct issue in his state appeals and that he did not raise his involuntary plea claim in the Michigan appellate courts. Petitioner has available remedies in the Michigan courts which must be exhausted before proceeding in federal court. For example, he may filed a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the trial court and pursue his claims through the state appellate courts as necessary.

Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). If this Court were to review the claims presented, such an action would deny the state courts the deference to which they are entitled under 28 U.S.C. § 2254. The state courts must first be given a fair opportunity to rule upon all of Petitioner's claims before he can present those claims to this Court. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

III.   Conclusion

For the reasons stated, the Court concludes that Petitioner has not fully exhausted his state court remedies. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus. The Court makes no determination as to the merits of Petitioner's claims.

**IT IS SO ORDERED**.

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: November 14, 2005